UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JAMELL M. KING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 13-342-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| LADONNA H. THOMPSON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Jamell M. King is a prisoner incarcerated at the Northpoint Training Center ("NTC") in Burgin, Kentucky. Proceeding without an attorney, King has filed a civil rights action pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by prior order.

The Court must conduct a preliminary review of King's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates King's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, King alleges that officials of the Kentucky Department of Corrections ("KDOC") have incorrectly calculated his release date from his state prison sentences. King contends that officials have not given him proper "working time credit" under Corrections Policies and Procedures ("CPP") 19.2, Ky. Rev. Stat. Chapter 197, and Ky. Rev. Stat. § 439.3401, and that his Resident Record Card incorrectly commences his prison sentence on January 15, 1999, instead of the date King asserts is correct, February 17, 1995. As a result, King alleges that his state sentences have already concluded. [R. 1, pp. 2-3] King has named as defendants KDOC Commissioner LaDonna Thompson, NTC Warden Don Bottom, and NTC's Supervisor of Records Jennifer Marye. King seeks an order compelling Kentucky officials to immediately release him from incarceration, as well as compensatory damages for time already spent in prison beyond his correct release date. [R. 1, p. 8]

The Court must dismiss King's complaint without prejudice because he has filed it prematurely. Through his complaint, King contends that Kentucky officials have miscalculated his prison work credits and resulting release date, and seeks to use the civil rights laws to obtain both immediate release from custody and damages for the allegedly improper delay in receiving it. This he may not do. The Supreme Court long ago held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *McCluster v. McNeil*, No. 4:11CV357-MP/WCS, 2011 WL 5520259, at **2-3 (N.D. Fla. Aug. 11, 2011). Rather, the appropriate method to challenge the state's calculation of his sentence, and thus to obtain release, is through habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Munoz v. Coxs*, No. 3:12-CV-683-HDM-VPC, 2013 WL 79638, at **2-3 (D. Nev. Jan. 3, 2013) (dismissing state prisoner's § 1983 action challenging calculation of prison work credits and release date). Of course, King may only seek federal habeas relief after he has exhausted his

remedies available through the Kentucky courts. 28 U.S.C. § 2254(b)(1). Only after he obtains through habeas a determination that he was improperly confined beyond his correct release date may he seek damages through the civil rights laws. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Accordingly, **IT IS ORDERED** that:

1. King's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This the 16th day of October, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge